NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID ELMORE, an individual,

Plaintiff-Appellant,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, a Connecticut
corporation; DOES, 1-20, inclusive,

Defendants-Appellees.

No.    20-55118

D.C. No.
2:18-cv-08903-CJC-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 12, 2023[**]
Pasadena, California

Before:  W. FLETCHER, LEE, and MENDOZA, Circuit Judges.

David Elmore appeals the district court's summary judgment order for

Hartford Life and Accident Insurance Co. ("Hartford Insurance").  We have

jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Hartford Insurance terminated Elmore's life insurance policy after he failed to submit timely his premium payment. Elmore admits that he failed to pay his premium timely (due to a clerical error) but argues that Hartford Insurance could not have lawfully terminated the insurance policy under sections 10113.71(b)(1) and 10113.72(b)–(c) of the California Insurance Code ("the California Lapse Statute"). That statute outlines certain procedural requirements that insurers must follow before they can terminate a life insurance policy. Elmore alleges Hartford Insurance violated the statute by failing to notify him of his right to designate an additional party to receive lapse-of-payment notices and to send lapse-of-payment notices to that designee before terminating his policy. The district court granted Hartford Insurance's motion for summary judgment.

We review de novo an order granting summary judgment. *Ochoa v. City of Mesa*, 26 F.4th 1050, 1055 (9th Cir. 2022).

1. The district court did not err in concluding the California Lapse Statute does not apply to Elmore's life insurance policy with Hartford Insurance. The California Lapse Statute applies only to life insurance policies "issued or delivered" in California. Cal. Ins. Code §§ 10113.71(a), 10113.72(a). Elmore concedes that his policy with Hartford Insurance was issued and delivered in Illinois, not California. But he argues that other subdivisions in the statute do not repeat the "issued or delivered in this state" language and thus those subdivisions do not

2

incorporate that requirement.  Cal. Ins. Code §§ 10113.71(b)(1), (3), 10113.72(b)–(c).

We reject Elmore's strained and out-of-context reading of the statutory provisions because he ignores language in the subdivisions that cross-references and incorporates the "issued or delivered in this state" requirement.  For example, Section 10113.71(b)(1) refers to "a designee named pursuant to Section 10113.72," which in turn states that it applies only to insurance policies "issued or delivered" in California.  Cal. Ins. Code §§ 10113.71(b)(1), 10113.72(a).  Similarly, Elmore relies on section 10113.72(c) but that provision explains that it applies to only person "designated pursuant to subdivision (a)," which requires the policies to be "issued or delivered" in California.  Cal. Ins. Code § 10113.72(a), (c).  In short, the plain language of the statute forecloses Elmore's reading of the subdivisions.

Elmore also argues that the California Lapse Statute should apply to him under traditional choice of law principles.  But choice of law principles cannot trump or alter the statutory requirement in the California Lapse Statute that says that it applies only to policies delivered or issued within the state.  Choice of law dictates which state law applies; it does not rewrite state law.

2.  Next, Elmore argues that the district court erred in failing to recognize that Hartford Insurance violated Illinois law.  But in his complaint, Elmore did not assert a claim under Illinois law; he raised Illinois law for the first time in his

3

opposition to summary judgment. A party cannot "effectively amend" its complaint "by raising a new theory" in its response to a summary judgment motion. *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010); *see also Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006) (noting the district court did not err by holding that the plaintiff failed to provide the defendant with adequate notice of new allegations when presented in response to a motion for summary judgment (citing Fed. R. Civ. P. 8(a)(2)).

3. Finally, the district court did not err in granting summary judgment on Elmore's remaining state law claims because they are all predicated on the California Lapse Statute (which does not apply to his policy).

**AFFIRMED.**